IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01348-MSK-CBS

JIMMIE RAY SCHUMACHER,
        Petitioner,
v.

JOE ORTIZ, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
        Respondents.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254 by a Person in State Custody" ("Petition") (filed June 27, 2007) (doc. # 1). Pursuant to the Order of Reference dated February 27, 2008, this civil action was referred to the Magistrate Judge "for a Recommendation as to the disposition of the Petitioner's Petition." (*See* doc. # 22). The court has reviewed the Petition, Respondents' Answer (filed December 5, 2007) (doc. # 5), Mr. Schumacher's Amended Traverse (filed February 18, 2008) (doc. # 19 (same as doc. # 20)), the pertinent parts of the state court record, the entire case file, and the applicable law, and is sufficiently advised in the premises.


I.     Background

Mr. Schumacher is currently incarcerated at the Colorado Department of Corrections' ("CDOC") Huerfano County Correctional Center ("HCCC") in Walsenberg, Colorado. On August 22, 2000, Mr. Schumacher was charged in Douglas County Case No. 00CR390 with fifteen counts of sexual assault and sexual assault on a child for sexual abuse of the nine year old daughter of

1

his live-in girlfriend. (*See* Respondents' Appendix B (doc. # 5-3) at p. 4 of 14; Respondents' Appendix C (doc. # 5-4) at p. 4 of 12). On February 12, 2002, Mr. Schumacher pled guilty to a single added Count Sixteen for criminal attempt to commit the crime of sexual assault on a child by one in a position of trust pursuant to Colo. Rev. Stat. § 18-2-101 and § 18-3-405.3 (2000), a class four felony, in exchange for the prosecution's stipulation to dismiss the original Counts One through Fifteen and to not object to a transfer of probation to Texas. (*See* State Court Record, Reporter's Transcript (doc. # 11-2)). Mr. Schumacher was represented at all plea and sentencing proceedings by attorney Declan O'Donnell.

Prior to sentencing, on or about August 1, 2002, Mr. Schumacher moved pursuant to Colo. Crim. P. 32(d) to withdraw his guilty plea. (*See* Respondents' Appendix C (doc. # 5-4) at p. 5 of 12). After a hearing, the court denied Mr. Schumacher's motion and sentenced him pursuant to the plea agreement to a term of probation for an indeterminate period of 10 years to life with conditions and sixty days in the county jail. (*See* State Court Record, Reporter's Transcript (doc. # 11-3)). The jail sentence was suspended pending Mr. Schumacher filing an appeal. (*See id.* at p. 30 of 36). On appeal, a division of the Colorado Court of Appeals affirmed the trial court's ruling. (*See People v. Schumacher*, 02CA2042 (Colo. App. Dec. 24, 2003) (not published pursuant to C.A.R. 35(f)) (Respondents' Appendix A (doc. # 5-2))).

In March 2004, Mr. Schumacher filed a postconviction motion to withdraw his guilty plea based on ineffective assistance of counsel. After a hearing, the trial court denied Mr. Schumacher's motion on April 2, 2004. (*See* docs. # 11-4, # 11-5, and # 11-6). Also on April 2, 2004, based on Mr. Schumacher's violation of conditions of his probation, the trial court revoked his probation and sentenced him to an indeterminate life sentence in the CDOC. (*See* doc. # 11-6 at pp. 27-50 of 50; Respondents' Appendix I (doc. # 5-10)).

Upon Mr. Schumacher's appeal of the denial of his postconviction motion, a division of the

Colorado Court of Appeals affirmed the trial court's ruling. (*See People v. Schumacher*, 04CA0968 (Colo. App. Feb. 9, 2006) (not published pursuant to C.A.R. 35(f)) (Respondents' Appendix E (doc. # 5-6)). The Colorado Court of Appeals concluded that the trial court's ruling was supported by the record of the proceedings and that the trial court had properly denied Mr. Schumacher's postconviction motion. (See Respondents' Appendix E (doc. # 5-6)). On September 11, 2006, the Colorado Supreme Court denied Mr. Schumacher's Petition for Writ of Certiorari. (*See* Respondents' Appendix J (doc. # 5-11)).

Through counsel, Mr. Schumacher filed this Petition in federal court on or about June 27, 2008, alleging in one claim that he was denied his Sixth Amendment right to effective assistance of counsel when: (1) "his uninformed and inexperienced and unknowledgeable trial counsel inadequately advised him during plea negotiations and other pre-trial proceedings," and (2) "the district court denied [his] motions to withdraw his plea based on the ineffective assistance of trial counsel." (*See* Petition (doc. # 1) at p. 4 of 7).


A.    One-Year Limitation Period for Filing Application for Federal Habeas Relief

Respondents do not challenge the timeliness of the Petition under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).


B.    Exhaustion of State Remedies and Procedural Default

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Before a state prisoner may raise a federal constitutional claim attacking his state conviction in a federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254, he or she must have first exhausted state remedies and provided the state courts with a fair opportunity to apply controlling legal principles to facts bearing on the

constitutional claims. *Miranda v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992). This principle has been codified in 28 U.S.C. § 2254(b)(1). Respondents do not argue that Mr. Schumacher failed to exhaust his state remedies prior to filing the Petition.

C.     Merits of Mr. Schumacher's Claim

1.     Standard of Review

Mr. Schumacher filed this habeas proceeding after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Consequently, federal review of the Petition is governed by the standards set out in 28 U.S.C. § 2254(d), as amended by the AEDPA. *See Price v. Vincent*, 538 U.S. 634, 638 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)"). Section 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d). The Supreme Court has construed the language of § 2254(d)(1):

> . . . a decision by a state court is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent. . . ."

*Price*, 538 U.S. at 640. In determining whether the state court decision "involved an unreasonable application of clearly established Federal law" under § 2254(d)(1),

> a federal habeas court may not issue the writ simply because that court concludes

in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner."

*Price*, 538 U.S. at 640-41 (internal quotation marks and citations omitted).

The Supreme Court has interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockerell*, 537 U.S. 322, 340 (2003). *See also Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir. 2002) ("To establish that habeas relief is warranted on the § 2254(d)(2) ground . . . a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct.") (citations omitted). Whether a defendant involuntarily entered a plea based on ineffective assistance of counsel is "a mixed question of law and fact." *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996). To the extent that this question depends on findings of fact made by the state court, when applying § 2254(d)(2), "the factual issues decided by the [state] court are presumed to be correct and [Mr. Schumacher] bears the burden of rebutting this presumption by clear and convincing evidence." *Le v. Mullin*, 311 F.3d 1002, 1010 (10th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)).

2.      Analysis

Mr. Schumacher alleges that the Colorado courts erred in rejecting his claim of ineffective assistance of counsel. Mr. Schumacher alleges that his counsel was ineffective for failing to adequately advise him regarding the possible consequences of his guilty plea. (*See* Petition (doc. # 1) at p. 4 of 7; Amended Traverse (doc. # ) at p. 1 of 2). More specifically, Mr. Schumacher alleges that his counsel was ineffective for failing to advise him that in order to complete the sex offender treatment required as a condition of his probation, he would have to admit to his offense

or be revoked from probation and receive an indeterminate life sentence. (*See id.*). The court now examines whether the Colorado courts' adjudication was contrary to federal law or based on an unreasonable determination of the facts.

"A defendant's guilty plea must be knowing, voluntary, and intelligent." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (citations omitted). "To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequences." *Id.* (internal quotation marks and citation omitted). *See also Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) ("The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.") (internal quotation marks and citation omitted). When a defendant enters a guilty plea on the advice of counsel, the defendant may attack the voluntariness of the plea by showing ineffective assistance of counsel. *Hill*, 474 U.S. at 56-57. (citations omitted). "The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging his guilty plea on the ground that he was denied his Sixth Amendment right to effective assistance of counsel." *Fields v. Gibson*, 277 F.3d 1203, 1215-16 (10th Cir. 2002) (internal quotation marks and citations omitted).

"First, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Fields*, 277 F.3d at 1215-16. Mr. Schumacher "has the burden of rebutting the presumption that his counsel acted reasonably." *Parker v. Scott*, 394 F.3d 1302, 1321 (10th Cir. 2005). "When reviewing an ineffective assistance of counsel claim, [the court] must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (internal quotation marks and citation omitted). *See also Parker*, 394 F.3d at 1320-21 ("In assessing whether counsel's performance was

deficient, we must free ourselves from the distorting effects of hindsight by indulging in a strong presumption that counsel acted reasonably.") (internal quotation marks and citation omitted). For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Fields*, 277 F.3d at 1215-16.

Second, "[t]o prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance." *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002). "In the context of a guilty plea," the burden to show prejudice "requires defendant to show that counsel's deficient performance affected the outcome of the plea process and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Clingman*, 288 F.3d at 1186 (internal quotation marks and citation omitted). However, "a petitioner's mere allegation that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001). Rather, the court looks "to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." *Miller*, 262 F.3d at 1072. Although a defendant need not show he would have prevailed at trial, his prospects of succeeding inform the court's view of whether he would have gone to trial. *Clingman*, 288 F.3d at 1186. "[T]he ultimate issue that the court has to determine is whether the defendant would have changed his plea." *Miller*, 262 F.3d at 1074-75.

Mr. Schumacher has not demonstrated that his counsel's performance was ineffective. The evidence relied on by the state courts, including the transcript of Mr. Schumacher's providency hearing, does not support a finding that plea counsel's performance was deficient. Mr. Schumacher's counsel testified that he had 40 years of experience as a lawyer. (*See* doc. # 11-4 at p. 6 of 75). At the providency hearing, Mr. Schumacher indicated orally to the court that he was satisfied with his counsel's assistance and that he was entering into the guilty plea freely and

voluntarily. (*See* doc. # 11-2 at p. 10 of 20). Mr. Schumacher represented that he understood the entirety of the plea agreement. (*See* doc. # 11-2 at pp. 7-8 of 20; *see also* doc. # 11-5 at pp. 46-48 of 66). Mr. Schumacher admitted all of the elements of the offense. (*See* doc. # 11-2 at pp. 10-14 of 20). Mr. Schumacher acknowledged that he understood the minimum and maximum sentences he faced and the possible consequences of violating probation. (*See* doc. # 11-2 at pp. 8-10 of 20). The court specifically explained to Mr. Schumacher the possible consequences of violating probation:

> You do not have to be concerned about being sentenced to the Department of Corrections as long as you comply with the conditions of probation. But if you violate probation, and that is proven as required by law, the Court can sentence you anywhere within this range that you are told about on the form that you've already signed.
> You are told on this form about the range of penalties for this offense. This form explains to you, that if the Court imposes a sentence, that you would be sentenced anywhere from a minimum of two years to the rest of your natural life. As the maximum sentence, indeterminate sentence in the State of Colorado.

(*See* doc. # 11-2 at p. 9 of 20). Mr. Schumacher indicated to the court that he understood the range of penalties in the event that the court revoked his probation and imposed a sentence. (*See* doc. # 11-2 at pp. 9-10 of 20).

Mr. Schumacher further acknowledged in writing in the "Plea Agreement of the Parties" ("Plea Agreement") and the "Addendum to Plea of Guilty" ("Plea Addendum") the conditions and possible penalties associated with his plea of guilty and sentence to probation. (*See* doc. # 19-3 at pp. 2-5 of 5). Mr. Schumacher indicated that he read, understood, and signed the documents related to his guilty plea. (*See* doc. # 11-2 at p. 8 of 20). The Plea Agreement that Mr. Schumacher read, understood and signed specifically required him to participate in "offense specific treatment per probation" with "no denial for more than 6 months." (*See* doc. # 19-3 at p. 2 of 5). Mr. Schumacher initialed each provision of the Plea Addendum, including the requirement to "successfully complete sex offense specific treatment" and the possible minimum and maximum

sentences.  (*See* doc. # 19-3 at pp. 3-4 of 5).

Mr. Schumacher's counsel represented to the court that he fully explained to Mr. Schumacher all of the documents regarding the guilty plea.  (*See* doc. # 11-2 at p. 6 of 20 (Mr. Schumacher and his "mom and dad . . . have asked questions and I've come to the probation department both here and in Englewood to try to fill in any gaps that they might have.  So I feel competent they're very, very familiar with those forms, Your Honor.")).  Mr. Schumacher's counsel confirmed that he had "covered with [Mr. Schumacher] the range of penalties he could experience" (*See* doc. # 11-2 at p. 6 of 20; *see also* doc. # 11-4 at pp. 34-35 of 75).  Mr. Schumacher's counsel stated to the court that he was "convinced as a lawyer having been doing this for 38 years, this is the proper solution for this case."  (*See* doc. # 11-2 at p. 6 of 20).  Counsel do not render deficient performance in convincing a client to plead guilty by "strongly urg[ing] him to do what they thought was in his best interest."  *Fields*, 277 F.3d at 1216.

At the hearing on his postconviction motion, Mr. Schumacher testified that he signed the Plea Agreement having read the provision "No denial for more than 6 months."  (*See* doc. # 11-5 at pp. 37-40 of 66).  Mr. Schumacher also testified that he understood the minimum and maximum sentences.  (*See* doc. # 11-5 at pp. 40-42 of 66).  Mr. Schumacher testified that he understood the documents he had signed as the complete terms of his plea agreement.  (*See* doc. # 11-5 at p. 35 of 66).  Mr. Schumacher's counsel testified that the "paperwork . . . was clear on its face" as to the minimum and maximum sentence if Mr. Schumacher violated probation.  (*See* doc. # 11-4 at p. 16 of 75).  Mr. Schumacher's counsel acknowledged that Mr. Schumacher had agreed to the condition set forth in the Plea Agreement for "No denial for more than 6 months."  (*See* doc. # 11-4 at pp. 36-38, 40-41, 51-52 of 75).

Mr. Schumacher's conclusory allegations of ineffective counsel are meritless and plainly rebutted by the record of his voluntary plea of guilty.  Mr. Schumacher specifically represented both

orally and in writing that he entered his guilty plea with a full understanding of his rights and the possible penalties. The credibility determinations of the trial court are confirmed by the record and support the conclusion that plea counsel was not ineffective. When measured against the record and his specific oral and written statements, Mr. Schumacher's conclusory allegations of ineffective assistance are insufficient. *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996) (holding conclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of a movant, like those present in this case, that a plea is knowing and voluntary). The Colorado courts' determination that Mr. Schumacher failed to establish this prong of an ineffective assistance claim was not contrary to established federal law or an unreasonable determination of the facts in light of the evidence.

The court "may address the performance and prejudice components in any order, but need not address both if [Mr. Schumacher] fails to make a sufficient showing of one." *Fields*, 277 F.3d at 1215-16 (internal quotation marks and citations omitted). Mr. Schumacher has not made a sufficient showing that his counsel's representation fell below an objective standard of reasonableness. As to Mr. Schumacher's obligation to prove prejudice, the court further concludes that he has failed to establish a reasonable probability that, but for his counsel's alleged ineffective assistance, he would not have pled guilty. Mr. Schumacher has not explained how his allegations of ineffective assistance of counsel influenced his decision to plead guilty. Mr. Schumacher's counsel negotiated a plea from fifteen criminal counts to a single count of criminal attempt. (*See* doc. # 19-3 at p. 2 of 5). There was a real possibility that Mr. Schumacher would be convicted of

the original fifteen counts. Mr. Schumacher's admissions and plea of guilty were his own, not made by counsel for him. As Mr. Schumacher has not addressed these admissions, he has not really challenged the state courts' reasoning in denying his postconviction motion. Mr. Schumacher has not raised any reasonable probability that, but for counsel's errors, he would not have pled guilty and would have proceeded to trial.

In sum, Mr. Schumacher has failed to demonstrate ineffective assistance of counsel. The state courts scrutinized Mr. Schumacher's counsel's performance and committed no error in denying Mr. Schumacher's motions based on ineffective assistance of counsel. Based upon Mr. Schumacher's own expression of satisfaction with his attorney at his providency hearing, the adequacy of the proceedings in which the guilty plea was entered, and the lack of a showing of ineffective assistance or prejudice, this court concludes that the state courts did not err in finding that Mr. Schumacher failed to demonstrate ineffective assistance of counsel.

As Mr. Schumacher has not stated a claim upon which federal habeas relief may be granted,

IT IS RECOMMENDED that Mr. Schumacher's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254 by a Person in State Custody" ("Petition") (filed June 27, 2007) (doc. # 1) be DENIED and this civil action be DISMISSED with prejudice.

Dated at Denver, Colorado this 8th day of October, 2008.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge