IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01348-MSK-CBS

JIMMIE RAY SCHUMACHER, JR.,

       Petitioner,

v.

JOE ORTIZ, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.
_____

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**
_____

      **THIS MATTER** comes before the Court pursuant to the Petitioner's Motion for Reconsideration **(# 28)** of the Court's February 2, 2010 Opinion and Order Adopting Recommendation and Denying Petition **(# 27)**. The Petitioner requests both reconsideration and a different outcome - granting of his petition. Familiarity with the Court's Order Denying the Petition is assumed.

      The bulk of the Petitioner's motion is directed at an observation made by the Court in a footnote, in which the Court stated that it had found no authority in the record for the Petitioner's contention that a life sentence was the "inevitable" result of the revocation of his probation. *Docket* # 27 at 11 n. 9. The Petitioner apprises the Court that, notwithstanding representations made by his trial counsel during state appellate proceedings that the law compelling a life sentence arose <u>after</u> the Petitioner had pled guilty, that the law requiring a life sentence upon revocation of probation had actually been in effect since 1998, prior to the events at issue here. C.R.S. § 18-1.3-1002 *et seq.*

This clarification is new and informative, but it does not address the key principles of the Court's prior reasoning: that the Petitioner had not – and on this record, could not – show that any ineffective assistance provided by his counsel prior to the entry of a plea of guilty was prejudicial because the trial court expressly advised the Petitioner that a revocation of his probation could result in the indeterminate life sentence, and the Petitioner, so informed, nevertheless chose to plead guilty.[1]

The Petitioner argues in the instant motion that, by requiring the Petitioner to demonstrate that his counsel's ineffective assistance <u>and</u> to also demonstrate resulting prejudice, this Court is "substituting a new test for that provided by the Supreme Court," and that the law that should have been applied is that "if counsel's advise was inadequate, the plea was involuntary and invalid" regardless of the effect that advice had on the case.

The requirement of a showing of prejudice is well-settled under Supreme Court precedent. *See e.g. Wong v. Belmontes*, 130 S.Ct. 383, 384, 386 (2009) ("To prevail on this claim [of ineffective assistance], Belmontes must meet both the deficient performance and

---

[1] Though arguably unnecessary to its reasoning, the Court posited two (of many) possible explanations as to why the Petitioner might rationally have chosen to plead guilty – potentially incurring a life sentence if his probation were to be revoked – rather than proceed to trial where the maximum life sentence was possible but an acquittal was also possible. The Petitioner's explanation that the law required imposition of a life sentence upon a probation revocation partially responds to the Court's second possibility – that the Petitioner (as advised by his counsel) assumed that a sentence short of life might be imposed even if his probation were revoked.
    The Petitioner's clarification of the mandatory sentencing scheme does not address the possibility that the Petitioner (and his counsel) reasonably believed that the probation officer was "with me on this" and might not recommend revocation proceedings despite the Petitioner's ongoing denial of culpability, nor does the Petitioner address another possible explanation – that the sentence of probation the Petitioner initially received was indeed far more favorable than the risk of a custodial sentence following trial, and that it was only by virtue of the Petitioner's decision to refuse to repeat his admission of guilt during sex offender treatment that deprived him of that highly-favorable sentence.

prejudice prongs of [the *Strickland* analysis]"; accepting lower court's conclusion that counsel's performance was ineffective, but nevertheless finding that Belmontes did not show that such ineffective performance resulted in prejudice); *Bobby v. Van Hook*, 130 S.Ct. 13, 19 (2009) ("What is more, even if Van Hook's counsel performed deficiently by failing to dig deeper, he suffered no prejudice as a result"); *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1420 (2009) ("Mirzayance has not demonstrated that he suffered prejudice from his counsel's performance"). This Court assumed that the Petitioner was correct that his trial counsel's performance was ineffective. *Docket* # 27 at 9 ("Even if Mr. O'Donnell's advice to the Petitioner fell below *Strickland*'s standard of reasonableness . . ."). Nevertheless, for the reasons stated by the Court in its Opinion, the Petitioner did not show that he suffered prejudice as a result – *i.e.* that "but for" his counsel's inadequate advisement about the consequences of pleading guilty, the Petitioner would have instead chosen to go to trial. As a result, his Petition was properly denied.

The Petitioner argues, again without citation to supporting authority, that the trial court's advisement to the Petitioner prior to his guilty plea cannot substitute for inaccurate advice given by his counsel, and that "Defendants cannot be held to a higher understanding of the law than that held by their counsel."

Regardless of the facial appeal of this statement, the law is clear that plain language in a plea agreement and a correct advisement by the trial court can ameliorate any prejudice that results from a defense counsel's ineffective advisement to his client about the consequences of a guilty plea. *See e.g. U.S. v. Davis*, 583 F.3d 1081, 1092 (8th Cir. 2009) ("Even if Davis's allegations regarding the advice of his attorney were accepted as true, Davis's plea agreement accurately described the procedure and requirements for obtaining a reduction for acceptance of responsibility . . . and the district court properly assessed Davis's understanding of the plea

agreement and application of the Guidelines. Assuming Davis's counsel's opinion and advice were deficient, Davis cannot show he was prejudiced"); *U.S. v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007) ("In light of the court's careful explanation of the plea's consequences and Mr. Hamilton's testimony that he understood those consequences, Mr. Hamilton's allegation that he would have gone to trial but for his attorney's failure to advise him of the career-offender provision is insufficient to establish prejudice"); *U.S. v. Shedrick*, 493 F.3d 292, 299-300 (3d Cir. 2007) ("Here, any erroneous sentencing information allegedly provided by defense counsel was corrected by the written plea agreement and the detailed in-court plea colloquy, both of which accurately stated Shedrick's potential sentence. . . Accordingly, the District Court correctly denied Shedrick's § 2255 motion as to his claim that counsel was ineffective for failing to advise him of the potential for an enhancement or upward departure").

Having reconsidered its prior Order, the Court finds no error warranting modification. The Motion **(# 28)** is **DENIED**.

Dated this 7th day of July, 2010

**BY THE COURT:**

_Marcia S. Krieger_
_____

Marcia S. Krieger
United States District Judge